Ham, Judge,
 

 delivered the opinion of the Court:
 

 After an attentive examination of the evidence offered upon the trial in this case, we are of opinion, that the verdict was not contrary to evidence; and therefore, that the rule for a new trial ought tqv fie discharged. This opinion, would render it unnecessary to say any thing upon the. second point submitted in ibis case, were there any doubt in the'mind of the Court. But as the
 
 *393
 
 point lias come up, we are willing to express our opinion, that we do not feel bound by any rule of law, to forbid a new trial in a case like the present, did those circumstances exist, for which new trials are commonly granted. It is not so much the form of the proceeding, as the real subject matter of it, which should be attended to. In Norris
 
 v.
 
 Tyler,
 
 *
 
 which was an action for a malicious prosecution, and in which there was a verdict for the Defendant, the Court, on a motion for a new trial, said, “ the Defendant had been sufficiently tried once, where the suit was of a criminal nature,” and 'rejected the motion.
 

 It has been decided, that new trials ought not to be granted in penal actions.
 
 †
 
 Since that time, however, they have been granted in such actions, for particular reasons $ as on account of a mistake or misdirection of the Judge.
 
 ‡
 
 . In the case of King
 
 v.
 
 Frances,
 
 §
 
 which was a
 
 qua ivarrcmto
 
 information, the Court granted a new trial, saying “ that
 
 that
 
 of late years had been considered in the nature of a civil proceeding.” Yet
 
 Blackalone,
 
 in his
 
 Commentaries,
 

 ǁ
 

 tells ns “ that it is properly a criminal prosecution, in order to fine the Defendant for his usurpation, as well as to oust him of his officebut adds, that “ it is considered at present as merely a civil proceeding.” The proceeding in the principal case for a forcible detainer, had for its object a restoration of the party to the possession of the premises, in case of
 
 force
 
 found | or in case of force not found, to leave the possession where it was. Blackstone
 
 ¶
 
 says,
 
 “
 
 a forcible entry and detainer is an injury of both a civil and criminal nature.” The case before us is of the first kind. The Defendant, if guilty, may be indicted and fined, in which the offence would be considered a criminal one, and a new trial refused. If the finding of force, by the jury of view
 
 *394
 
 before the magistrates, was to bo followed not only by a restitution of the possession, but also by fine and imprisonment, a new trial ought not to be granted: but as that finding is only to affect the civil rights of the parties, no good reason seems to exist to forbid the Courl to grant new trial.
 

 *
 

 Cow.
 
 37.
 

 †
 

 1 Wills. 17—3 Id.
 
 59.
 

 ‡
 

 4 Term 753.-5 Id. 19.
 

 §
 

 2 Term 484.
 

 ǁ
 

 4 Bl. Com. 312.
 

 ¶
 

 3 Bl. Com. 179.